UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

STEVEN JUDE,

       Plaintiff,

    v.                                   24-CV-1001-LJV-JJM
                                            ORDER

NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY
SUPERVISION, et al.,

       Defendants.
_____

The pro se plaintiff, Steven Jude, has filed a complaint asserting claims under 42 U.S.C. § 1983, the Americans with Disabilities Act of 1990, the Rehabilitation Act of 1973, and New York State law. Docket Item 1. He also filed a motion for a preliminary injunction, Docket Item 3, and two letters that this Court construed as requests for a temporary restraining order and a preliminary injunction, Docket Items 6 and 7; *see* Docket Item 8.

On November 14, 2024, in light of Jude's motions for emergency relief, this Court granted Jude's motion to proceed in forma pauperis (that is, as a person who should have the prepayment of the ordinary filing fee waived because he cannot afford it), Docket Item 5, and ordered service of his complaint, preliminary injunction motion, and letters on the defendants. Docket 8 at 2. The Court deferred screening Jude's complaint under 28 U.S.C §§ 1915(e)(2)(B) and 1915A. Docket Item 8 at 3.

The Court now finds that Jude's complaint presents "colorable claim[s]" and therefore survives screening under 28 U.S.C. §§ 1915(e)(2) and 1915A. *See Benitez v. Wolff*, 907 F.2d 1293, 1295 (2d Cir. 1990) ("Sua sponte dismissal of a pro se complaint

prior to service of process is a draconian device [that] is warranted only when the complaint lacks an arguable basis either in law or in fact [or is] frivolous on its face or wholly insubstantial." (internal citations, internal quotation marks, and italics omitted)); *see also Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (explaining that dismissal under Federal Rule of Civil Procedure 12(b)(6) still may be appropriate notwithstanding a court's earlier finding that the complaint was not "frivolous" for purposes of section 1915(e)(2)).

As discussed at the status conference with both sides held remotely on December 6, 2024, the defendants shall answer, move against, or otherwise respond to Jude's complaint by January 17, 2025.  *See* Docket Item 21.  In addition, Jude shall notify the Court in writing if his address changes.  The Court may dismiss the action if he fails to do so.


SO ORDERED.

Dated:   December 16, 2024
            Buffalo, New York

  */s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE